# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEUDY ANYELO MINYETTY MORDAN,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | ) | 3:26-CV-1020 |

## MEMORANDUM ORDER

Pending now before the Court is a Motion to Enforce (ECF 9) filed by Leudy Anyelo Minyetty Mordan. Respondents filed their response on August 24, 2026 (ECF 11), and Mr. Minyetty Mordan filed his reply on September 15, 2026 (ECF 12). The motion is now fully briefed and ready for disposition. On careful review, the Court will deny it.

On June 1, 2026, Mr. Minyetty Mordan filed a petition for writ of habeas corpus. ECF 1. On July 2, 2026, this Court granted Mr. Minyetty Mordan's petition, concluding that Mr. Minyetty Mordan is detained under § 1226(a) and ordering a bond hearing be conducted by an IJ. ECF 7. On July 7, 2026, Mr. Minyetty Mordan received a § 1226(a) bond hearing before an IJ, in which he was denied bond. ECF 11 at 1.

In his motion, Mr. Minyetty Mordan asks the Court "to reopen this administratively closed habeas proceeding for the limited purpose of addressing an unresolved Fifth Amendment due process claim arising from Petitioner's April 28,

2026 re-detention." ECF 9 at 2. In particular, he asks the Court to review whether "the subsequent bond decision" erases "the constitutional significance of the Government's earlier deprivation of liberty." *Id.* He does not contest the fairness of the bond hearing received and does not "seek review of the merits of the bond decision." *Id.* As relief, Mr. Minyetty Mordan requests that this Court reopen his habeas proceeding, evaluate his constitutional claim, order his immediate release under appropriate conditions, and grant such other and further relief as deemed just and proper. ECF 9 at 8.

In turn, Respondents assert that Mr. Minyetty Mordan "was already afforded a constitutionally adequate bond hearing," that "his theory of constitutional violation is without merit[,]" that he "has failed to exhaust his administrative remedies[,]" and that the abuse-of-the-writ doctrine applies. ECF 11 at 2-4. In response, Mr. Minyetty Mordan asserts that the abuse-of-the-writ doctrine does not apply because although the underlying Fifth Amendment claim was raised in the petition, this motion "addresses the legal effect of an event that occurred" after the hearing was ordered. ECF 12 at 3.

The Court first notes that although Mr. Minyetty Mordan labeled this motion as a Motion to Enforce, he does not ask this Court to enforce its prior order. *See generally* ECF 9. Rather, he asks this Court to review whether the ordered bond hearing sufficiently addresses his alleged Fifth Amendment violation. *Id* at 2. As such, this motion is more aptly labelled and considered a Motion for Reconsideration.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of

law or fact or to present newly discovery evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (cleaned up). To succeed on a motion for reconsideration, a party must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

Consequently, reconsideration "is an extraordinary remedy," which "should be granted sparingly." *Hartshorn v. Throop Borough*, No. 07-1333, 2009 WL 1323577, at *1 (M.D. Pa. May 7, 2009). "[A] motion for reconsideration does not entitle a party to a second bite at the apple" and "is inappropriate when a party merely disagrees with a court's ruling or simply wishes to re-argue its original motion." *Botello v. Navient Sols., LLC*, Civil Action No. 22-5601, 2023 WL 4014289, at *2 (D.N.J. June 15, 2023).

Here, Mr. Minyetty Mordan has not met his heavy burden to warrant reconsideration of this Court's prior order. The relief generally provided by this Court to § 1226(a) petitioners who are incorrectly detained under § 1225(b) is a constitutionally adequate bond hearing, not immediate release. *See, e.g., Juarez Villagrez v. Bondi*, No. 3:26-CV-72, 2026 WL 545380 (W.D. Pa. Feb. 26, 2026). In his motion, however, Mr. Minyetty Mordan does not allege "an intervening change in the controlling law" within the Third Circuit Court of Appeals or argue that the Court committed "a clear error of law" in ordering a bond hearing. *Quinteros*, 176 F.3d at 677; *see generally* ECF 9. Instead, Mr. Minyetty Mordan attempts to take a second

bite at the apple, questioning the adequacy of the relief provided to him (which he sought).[1] This is not the proper use of a motion for reconsideration, and the process of requesting the Court order certain relief, receiving such relief, and then questioning the adequacy of such relief is likely barred under the doctrine of judicial estoppel. *C.f. Mendez v. Superintendent Houtzdale SCI*, No. 24-1472, 2026 WL 623627, at *2 (3d Cir. Mar. 5, 2026) (quoting *Fahie v. Virgin Islands*, 858 F.3d 162, 170 n.14 (3d Cir. 2017)) ("[J]udicial estoppel prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.").

For these reasons, Mr. Minyetty Mordan's Motion to Enforce (ECF 9) is hereby **DENIED**. With no further action required by the Court at this time, the Clerk of Court shall mark this matter **CLOSED**.

DATED this 3rd day of November, 2026.

BY THE COURT:

s/ J. Nicholas Ranjan
United States District Judge

---

[1] In his petition, Mr. Minyetty Mordan requested the Court "[i]ssue a Writ of Habeas Corpus ordering Respondents to release him immediately on the terms of his original Order of Release on Recognizance, or, alternatively, order that a neutral and impartial adjudicator conduct a bond hearing pursuant to 8 U.S.C. § 1226(a)[.]" ECF 1 at 14. After reviewing the parties' filings, the Court granted the petition and ordered that an individualized bond hearing must occur before an IJ within 30 days, or else Mr. Minyetty Mordan would be released. ECF 7. Thus, the Court provided the relief that Mr. Minyetty Mordan sought: a bond hearing under § 1226(a). In his motion, however, Mr. Minyetty Mordan states that the requested bond hearing did not "remedy the deprivation of Petitioner's liberty that occurred when Respondents re-detained him on April 28, 2026." ECF 9 at 2.